**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5731-17T1

IN THE MATTER
OF THE ESTATE OF
CHRISTINE D. CENAFFRA,
        Deceased.

_____

Submitted October 24, 2019 – Decided September 9, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Warren County, Docket No. P-14-145.

Hegge & Confusione, LLC attorneys for appellant Patricia Stollenmaier (Michael Confusione, of counsel and on the brief).

Mitchell H. Spingarn, attorney for respondent Michael Cenaffra.

PER CURIAM

Defendant Patricia Stollenmaier appeals the July 17, 2018 judgment for $200,422 entered against her following a bench trial. The judgment is based on payments defendant made as a power of attorney and then as the executrix of

the Estate of Christine D. Cenaffra (the Estate). We affirm the judgment in part because it is based on substantial credible evidence in the record, but we remand the case to the trial court for a recalculation of the amount of the judgment.

I.

We relate the facts from the bench trial. Christine D. Cenaffra (decedent) had six children: Diane Cenaffra (plaintiff), Patricia Stollenmaier (defendant), Barbara DiNapoli, Mark Cenaffra, Michael Cenaffra, and Matthew Cenaffra. Decedent died testate on March 7, 2015. Her Last Will and Testament named defendant as the executrix. Defendant also was her mother's power of attorney (POA). Decedent resided with defendant from 2008 until her death.

Decedent's house was sold in April 2015, netting $229,543.72 for the Estate. Plaintiff received a $10,000 check from the Estate in December 2015. When she did not receive any other payments, she began to inquire through her attorney about the Estate's finances.

Plaintiff filed an Order to Show Cause and Verified Complaint in July 2016, seeking to enjoin defendant, as executrix, from distributing assets of the Estate and requested a verified accounting of all financial activity for the period when defendant was POA (August 2007 to March 7, 2015) and as executrix. (A-2; A-218). The trial court ordered defendant to provide a verified accounting in

sixty days and restrained her from distributing any assets outside the ordinary course of business or any monies she had paid to herself.

Defendant did not provide the accounting. The court ordered defendant's removal as executrix on February 7, 2017. Plaintiff was appointed as administrator substitute executrix. She learned the inheritance tax return showed a gross value of $319,368 for the Estate, but by then the Estate only had $6886 in its account. Defendant was deposed in December 2017.

The court conducted a two-day bench trial. Defendant was present but did not testify because her counsel notified the court she invoked the Fifth Amendment right against self-incrimination. On July 17, 2018, the court entered a judgment against defendant for $200,422 in favor of plaintiff.

At trial, plaintiff challenged four payments made by defendant as not legitimate expenses of the Estate.

On April 13, 2015—after decedent's death—defendant paid Gregory Guzman $40,000 for "Home Repair." Plaintiff found no proof of building permits for the work. The Work Statement that showed a cost of $30,200 for labor and materials was not dated or notarized. There was a document that purported to provide an estimate, but this was dated prior to decedent's death. Defendant already paid $11,000 to Guzman before her mother died. The items

on the Work Statement and the estimate were not for the same work. Plaintiff contends there was no proof that the $40,000 was made for actual expenses of the Estate.

Plaintiff contends a check for $110,184.39 that defendant wrote to herself as executrix and deposited in her personal account was not a legitimate expense of the Estate. This check was comprised of $72,000 for payments to Steven Owens—her former finance—for transportation and other assistance he gave defendant and decedent. Another $38,184.39 was to reimburse her for payments she made in cash to numerous "immigrant" workers hired to clean out the house and garage and for other expenses. Plaintiff found no receipts for any of these expenditures. Owens testified that he transported decedent for just a short period of time before her death; most of the transportation was for defendant.

Plaintiff contends a check for $27,774.81 that defendant wrote to herself on December 15, 2015—with the notation in the memo line that it was a "gift"—was not a legitimate expense of the estate. Although defendant contended this was reimbursement for a certificate of deposit gifted to her by her mother and then used for her mother's care, there was no written proof to support this.

Plaintiff alleged that two other payments were not expenses of the Estate. These included a $1000 debit withdrawal from the Estate account by defendant

A-5731-17T1

and a bank check she made payable to herself for $5000, both on the day she was removed as executrix. Defendant acknowledged these payments were made after she was removed.

The trial court determined defendant had "no lawful authority to perform these actions or to act on behalf of the Estate at this time." The court found the payment to Owens for transporting decedent for a short period of time was "not an authorized expense for the Estate." It found defendant had shown "a clear pattern of improper financial decisions" as executrix and that this "continued after her removal from this role" by writing checks to herself. The court found defendant did not provide support for any of the contested expenses. It entered judgment against defendant for $200,422.

On appeal, defendant argues the court's findings are not supported by adequate, substantial and credible evidence. She contends the court should correct the amount of the judgment.

## II.

Our review of a trial court's fact-finding in a non-jury case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). We will "not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the

competent, relevant and reasonably credible evidence as to offend the interests of justice[.]"  Ibid. (alteration in original) (quoting In re Trust Created By Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)). "[F]indings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence."  Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)).  "Deference is especially appropriate when the evidence . . . involves questions of credibility."  Ibid. (quoting Cesare, 154 N.J. at 411-12). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference[,]" and are reviewed de novo.  Mountain Hill, LLC v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Under N.J.S.A. 3B:14-21, a court may remove a fiduciary from office when, "[a]fter due notice of an order or judgment of the court so directing, [he] neglects or refuses, within the time fixed by the court, to file an inventory, render an account or give security or additional security[.]"  N.J.S.A. 3B:14-21(a).  "A fiduciary is individually liable for obligations arising from ownership or control of the estate or for torts committed in the course of administration of the estate only if [she] is personally at fault."  N.J.S.A. 3B:14-32.  To recover for a breach

6

of duty, an interested party must prove that the loss probably occurred as a result of the breach; there is no need for the interested party to prove with certainty that the loss occurred as a result of the breach. See Branch v. White, 99 N.J. Super. 295, 313 (App. Div. 1968). The fiduciary charged will then have the burden of proving clearly there was no causal connection between the breach and the loss sustained by the beneficiary. Ibid.

In this case, we see no reason to disturb the factual findings made by the trial court. The credibility determinations and factual findings were fully supported by the record. We add only these brief comments.

Plaintiff provided substantial evidence that the court found to be credible that four transactions were not valid expenses of the estate. Regarding the payment to Guzman, there was no written contract showing an amount due to Guzman for $40,000. There is only an estimate from 2014, payments of $5000 and $6000—that do not appear to be challenged—and an undated Work Statement for work that is different from the estimate. Some of that work appears to duplicate expenses that defendant claimed to pay to other workers. Defendant did not rebut plaintiff's testimony at trial that there was no proof the Estate owed Guzman $40,000.

For the $110,189.39 payment, there were no receipts for the payments made to clean-out the house. Owens testified that a lot of the transportation services he provided were for defendant, not decedent. He testified he received approximately sixty to seventy thousand dollars over an eight–year period for his services. There was nothing to document that other significant payments were owed to Owens or the need for defendant to reimburse herself. For the $27,774.81 payment, there was no proof at trial that decedent made a gift of her money to defendant or that defendant's monies were used for decedent's care.

The court entered a judgment against defendant for $200,422. However, we are not able to determine from this record how this figure was derived. The amounts that are challenged by plaintiff total $183,959.20. Although the court had substantial credible evidence to support these amounts, it did not explain how it arrived at the actual amount of the judgment. See R. 1:7-4(a). Therefore, we remand the calculation of amount of the judgment to the trial court. We do not retain jurisdiction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5731-17T1